# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

DAVID SHU,

        Plaintiff,

vs.

NANCY HUTT, *et al.*,

        Defendants.

Case No. 2:18-cv-00517-RFB-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (ECF NO. 1-2)

Before the Court are *pro se* Plaintiff David Shu's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-2). For the reasons stated below, Shu's *in forma pauperis* application is granted. The Court, however, orders that Shu's complaint be dismissed without prejudice.

## DISCUSSION

Shu's filings present two questions: (1) whether Shu may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Shu's complaint states a plausible claim for relief. Each is discussed below.

**I.    Whether Shu May Proceed *In Forma Pauperis***

Shu 's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Shu's affidavit, he receives $1,307 per month from Social Security and the vast majority of that amount is used to cover monthly expense such as housing payments and utilities. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* is, therefore, granted.

## II. Whether Shu's Complaint States a Plausible Claim

Because the Court grants Shu's application to proceed *in forma pauperis*, it must review Shu's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Shu's complaint is difficult to follow. It is 69 pages long, not taking into account the attached exhibits. (ECF No. 1-2). Though there are two defendants named in the caption, Shu often refers to a "Defendant" without indicating which of the defendants the statement applies to. It is unclear whether Shu intended to include the Santa Maria Post Office as a defendant in addition to the individual Postmaster General, as Shu refers to "Defendant Sierra Costal District office" on several occasions. (*Id.* at 32). On several occasions, Shu refers to Johnny Ala as a "Defendant," although Ala is not named in the caption. (*Id.* at 28). Shu spends many pages going into great depth regarding Mr. Bacilio, who is also not named as a defendant. (*Id.* at 5-27).

2

For these reasons, Shu's complaint does not constitute a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Shu must amend the complaint to clarify the parties involved and focus on the facts relevant to his claims. To provide further guidance, the Court will also analyze the merits of Shu's complaint, to the extent possible.

**A. Jurisdiction and Venue**

The major allegations in Shu's complaint are that, after a false accusation of causing a car accident, he was wrongfully terminated by the Santa Maria Post Office in 2013 and put through fraudulent arbitration related to his termination in 2015. (ECF No. 1-2 at 2-5). Shu brings a claim for fraud against the arbitrator and claims for negligence, wrongful payment on a fraudulent claim, intentional infliction of emotional distress, and due process violations against the Postmaster General. (*Id.* at 54-65). Shu asks that the Court to vacate the arbitration award, reinstated him to his job with the Santa Maria Post Office, and compensate him for Defendants' actions. (*Id.* at 69). Shu asserts the Court has jurisdiction over this case based on diversity of citizenship and federal questions. (*Id.* at 1-2). According to the complaint, Defendants are residents of California and the District of Columbia. (*Id.* at 2).

The Defendants' out-of-state residences make it possible for the Court to have diversity jurisdiction over this case. 28 U.S.C. § 1332(a)(1). However, they also make it doubtful that this Court has personal jurisdiction over the Defendants or could be considered a proper venue. "Constitutional due process requires that defendants 'have certain minimum contacts' with a forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The rules regarding proper venue emphasize the residences of the defendants or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b), (e).

3

Based on the allegations in the complaint, it appears that Nevada has no connection to the case. Defendants reside in California and the District of Columbia. Shu's termination and arbitration took place in California. In amending his complaint, Shu must address how the Court has personal jurisdiction over the Defendants and why this Court is a proper venue for the case.

**B. Fraud**

Shu's fraud claim against the arbitrator is essentially a request for this Court to vacate the previous arbitration award. (ECF No. 1-2 at 54-63). Under 9 U.S.C. § 10(a), an order vacating an arbitration award can be issued by "the United States court in and for the district wherein the award was made." The arbitration award was made somewhere in California. Therefore, this Court cannot issue an order vacating the award.

**C. Negligence and Intentional Infliction of Emotional Distress**

Shu alleges that "Defendant negligently used and submitted illegitimate evidence for this traffic accident claim," leading to Shu's termination. (ECF No. 1-2 at 60-64). He also asserts the termination and arbitration award cause him financial loss and emotional distress. (*Id.* at 64). Shu does not cite a legal basis for his negligence and intentional infliction of emotional distress claims.[1]

The Court acknowledges that these claims are generally recognized by the courts and Shu has provided some factual support for them. However, it is important for Shu to state the specific legal basis for his claims so the Court can analyze whether Shu is entitled to relief in this case. Specifically, the Court is concerned with the statute of limitations on Shu's claims. The complaint's most recent allegations relate to 2015, three years before Shu filed his complaint. (ECF No.1-2 at 4). Many statute of limitations last for less than three years.

---

[1] While Shu cites 28 U.S.C. 1346(b) in his negligence claim, the law relates to cases in which the United States is a defendant. The United States is not a defendant in this case.

### D. Violation of 18 U.S.C. § 287, 31 U.S.C. § 3729

Shu states that he is bringing claims under 18 U.S.C. § 287 and 31 U.S.C. § 3729 on behalf of the Government. (ECF No. 1-2 at 64). However, 18 U.S.C. § 287 is a criminal statute and cannot be brought as a civil matter. In addition, there are procedural requirements to bringing a 31 U.S.C. § 3729 claim on behalf of the Government, such as naming the Government as the plaintiff and serving a copy of the complaint on the Government. 31 U.S.C. § 3730. Shu has not complied with these requirements. Should Shu seek to pursue his 31 U.S.C. § 3729 claim, he must follow the provisions of 31 U.S.C. § 3730.

### E. Due Process Violation

Shu alleges Defendants did not follow the proper procedure in terminating him. (ECF No. 1-2 at 65-69). Shu brings his due process claim pursuant to 42 U.S.C. § 1983. (*Id.* at 68). In Nevada, the applicable statute of limitations for 42 U.S.C. § 1983 claims is two years. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam); *Abram v. City of Reno*, No. 315-cv-00029-MMD-WGC, 2015 WL 5829886, at *3 (D. Nev. Oct. 6, 2015). The statute of limitations may be tolled in certain circumstances. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995); *Seino v. Emp'rs Ins. Co. of Nev.*, 111 P.3d 1107, 1112 (Nev. 2005). The complaint in this case was filed more than two years after Shu was terminated and went through arbitration.

For the reasons discussed above, Shu's complaint is hereby dismissed with leave to amend. Shu's amended complaint must address the concerns of the Court discussed in this order. The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1.

ACCORDINGLY,

IT IS ORDERED that Shu's application to proceed *in forma pauperis* (ECF No. 1) is granted.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-2).

5

IT IS FURTHER ORDERED that Shu's complaint (ECF No. 1-2) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Shu has until April 30, 2018 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

//

//

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 28th day of March, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE