# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

DAVID SHU,

        Plaintiff,

vs.

NANCY HUTT, *et al.*,

        Defendants.

Case No. 2:18-cv-00517-RFB-VCF

**ORDER AND REPORT AND RECOMMENDATION**

AMENDED COMPLAINT (EFC NO. 5) AND MOTION TO FILE ELECTRONICALLY (ECF NO. 6)

Before the Court are *pro se* Plaintiff David Shu's Amended Complaint (ECF No. 5) and Motion for Permission to File and Receive Notices Electronically (ECF No. 6). For the reasons stated below, Shu's amended complaint should be dismissed on jurisdictional grounds and his motion to file electronically is denied as moot.

## DISCUSSION

On March 28, 2018, the Court granted Shu's application to proceed *in forma pauperis* and dismissed his complaint without prejudice. (ECF No. 3). Among other concerns, the Court noted that the "Defendants' out-of-state residences…make it doubtful that this Court has personal jurisdiction over the Defendants or could be considered a proper venue." (*Id.* at 3).

Shu filed an amended complaint on April 9, 2018. (ECF No. 5). Four Defendants are named. (*Id.* at 1-2). Three are individuals who reside in California. (*Id.*) The fourth is the United States Postal Service. (*Id.*). The amended complaint's main assertion is that the Defendants conspired to cause the United States Government to approve and pay for a false car accident claim allegedly caused by Shu. (*Id.* at 2-3). All of the facts giving rise to this case took place in California. (*Id.* at 3-43).

"Constitutional due process requires that defendants 'have certain minimum contacts' with a forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial

justice.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Personal jurisdiction over each defendant must be analyzed separately." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003). The rules regarding proper venue emphasize the residences of the defendants or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b), (e).

Based on the allegations in the amended complaint, Nevada has no connection to this case. Defendants reside in California and the District of Columbia. All the facts giving rise to this case took place in California. While Shu asserts that the "U.S. Postal Service[1]…can be found in Las Vegas Nevada" (ECF No. 5 at 3), Shu failed to address how this Court has jurisdiction over the individual Defendants residing in California or why this Court would be the proper venue for this case. Therefore, the Court should dismiss this case on jurisdictional grounds. In the alternative, the Court could transfer the matter to the proper court in California. Because this case should be dismissed, Shu's motion to file and receive notices electronically is dismissed as moot.

ACCORDINGLY,

IT IS RECOMMENDED that Shu's Amended Complaint (ECF No. 5) be DISMISSED for lack of jurisdiction.

IT IS ORDERED that Shu's Motion for Permission to File and Receive Notices Electronically (ECF No. 6) is DENIED as moot.

---

[1] The United States Postal Service does not appear to be a proper defendant in this case. Shu is attempting to bring a False Claims Act claim pursuant to 31 U.S.C. § 3729. This requires Shu to file his complaint "in the name of the Government." 31 U.S.C. § 3730(b)(1). The Post Office is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. The Government would essentially be bringing a suit against itself.

# NOTICE

Pursuant to Local Rules IB 3-1, a party may object to Reports and Recommendations issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 30th day of April, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE