# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DAVID SHU,

    Plaintiff,

v.

NANCY HUTT et al.,

    Defendants.

Case No. 2:18-cv-00517-RFB-VCF

**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE CAM FERENBACH AND GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

Before the Court for consideration are the Report and Recommendation of the Honorable Cam Ferenbach, United States Magistrate Judge, entered April 30, 2018, (ECF No. 8) and the Defendant United States Postal Service's Motion to Dismiss (ECF No. 12). For the reasons discussed below, the Report and Recommendation is adopted in part as to the individual Defendants. The Court also grants the Motion to Dismiss (ECF No. 12).

On March 21, 2018, Plaintiff filed his original Complaint. (ECF No. 1). This Complaint was screened pursuant to 28 U.S.C. § 1915(e) to determine if it alleged a plausible claim. This Complaint was dismissed without prejudice and Plaintiff was granted leave to amend his Complaint. (ECF No. 3). The Order raised various deficiencies with the Complaint, including but not limited to: improper venue, lack of personal jurisdiction, and violation of statute of limitations.

On April 13, 2018, Plaintiff filed his Amended Complaint. (ECF No. 5). Plaintiff appears to allege a federal False Claims Act claim against all of the Defendants, a due process claim against some of the Defendants, and state claims against all of the Defendants. Plaintiff essentially argues that the Defendants conspired to falsely accuse him of being involved in an unreported traffic

accident while working for the Post Office in Santa Maria, California. This accident allegedly occurred on September 21, 2013 in Santa Maria. Plaintiff alleges that the Defendants reported the accident on official forms of the Postal Service and submitted the claim for payment by the federal government.

## II. LEGAL STANDARD

The False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, allows private parties, called "relators," to bring an action on behalf of the United States to recover for fraud. Id. The FCA authorizes the relator to bring a civil *qui tam* action "for the person and for the United States Government" against those who present false claims to the United States. 31 U.S.C. § 3730(b)(1). "The entire purpose of the FCA's *qui tam* provisions is to employ the help of individuals to uncover fraud against the government." United States ex rel. Kelly v. Boeing Co., 9 F.3d 743, 748 (9th Cir. 1993). Individuals appearing *pro se* cannot represent the United States in FCA actions. United States ex rel. Stoner v. Santa Clara Cnty. Office of Educ., 502 F.3d 1116, 1126-27 (9th Cir. 2007).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. Id. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

"Constitutional due process requires that defendants 'have certain minimum contacts' with a forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1141 (9th Cir. 2017) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Personal jurisdiction over each defendant must be analyzed separately." Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1130 (9th Cir. 2003).

### III. DISCUSSION

#### A. FCA Claim

The USPS has moved to dismiss Plaintiff's FCA claim. The Court grants this Motion as to USPS and all Defendants, since Plaintiff may not bring an FCA claim *pro se*. ex rel. Stoner, 502 F.3d 1116, 1126-27.

#### B. Due Process Claim

The Amended Complaint also asserts a Due Process claim. The statute of limitations for a section 1983 claim in Nevada is two years. Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989). Pursuant to this Court's screening requirement under 28 U.S.C. § 1915(e), this claim is dismissed as to all Defendants as it was commenced more than two years after the alleged 2013 incident which serves as a basis for Plaintiff's claim.

#### C. State Claims

With the dismissal of the FCA and Due Process claims, the only claims that appear to remain in the Amended Complaint are purported state law claims for fraud, negligence, and intentional infliction of emotional distress. Upon review of these state claims under 28 U.S.C. § 1915(e), the Court finds that they must also be dismissed against all Defendants for being commenced outside of the respective statute of limitations. See N.R.S. §§ 11.190(3)(d) and 11.220.

The Report recommended dismissal of the state claims against the individual Defendants for lack of personal jurisdiction. The Court, after reviewing Plaintiff's Objection (ECF No. 9), also adopts this portion of the Report. The individual Defendants are not subject to personal jurisdiction in this District based upon the allegations in the Amended Complaint.

#### D. Dismissal with Prejudice

Finally, the Court finds that allowing Plaintiff to amend his complaint a second time would be futile. The Court therefore dismisses the matter with prejudice. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."); see also Akhtar v. Mesa, 698 F.3d

1202, 1212 (9th Cir. 2012) (allowing for dismissal of a pro se complaint without leave to amend if amendment would clearly not cure the deficiencies identified in the complaint).

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 12) is GRANTED, the Report and Recommendation (ECF No. 8) is ADOPTED in part and the Amended Complaint is DISMISSED with prejudice. The Clerk of Court is ordered to close this case.

DATED this 22nd day of January, 2019.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**